UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY ALLEN FRANKS,

       Plaintiff,

Case No. 5:06-CV-164

v.

Hon. Richard Alan Enslen

JOHN S. RUBITSCHUN, *et al.*,

**JUDGMENT**

       Defendants.
_____/

      This matter is before the Court to review Plaintiff Rodney Allen Franks' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 4, 2006. Said Report recommended that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since the Complaint fails to state a claim for which relief may be granted.

      Under 28 U.S.C. § 636(b)(1), the Court is required to assess the report, objections and pertinent parts of the record *de novo* in determining whether to grant the objections or dismiss the action as recommended. The pertinent statutes incorporate by reference the dismissal standards pertinent under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The allegations of the complaint must be construed in the favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The rules generally require only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Nevertheless, the complaint "'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted.)  The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  At the same time, special care must be given to read *pro se* complaints indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the allegations as true, unless clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards to Plaintiff's Complaint, the Court finds that it should be dismissed for the reasons explained in the Report.  The Michigan Parole Commission operates a discretionary system of parole which does not create a liberty interest in parole.  Many of the legal precedents cited by Plaintiff, which are largely inapplicable to Michigan's discretionary system, are inapposite.  Such statutes as Michigan Compiled Laws § 791.233(1)(a) make clear through the use of discretionary and not mandatory language that Michigan prisoners do not have an entitlement to parole as part of such system.  It may be true, as argued by Plaintiff, that "Defendants 'drift[ed] away from a rehabilitative parole philosophy . . .[,]'" (Objs. 5 quoting Compl. ¶ 35), in denying Plaintiff parole.  However, such conduct does not rise to the level of any constitutional violation, nor does it create any permissible inference of a violation of 42 U.S.C. § 1983.  The fact that Plaintiff has been repeatedly denied parole, for what he views as false, arbitrary and capricious reasons, likewise does not imply any recognized violation of the constitution given the basic scenario explained in Plaintiff's Complaint and Objections–*i.e.,* Plaintiff was convicted of First Decree Criminal Sexual Conduct involving a child and has a record of repeated misconduct findings in prison.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Rodney Allen Franks' Objections (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED,** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons identified in the Report and Recommendation, the Court certifies that an appeal of this Judgment would not been taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

DATED in Kalamazoo, MI:
January 9, 2007

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE